Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| BARRANQUITAS ULTRASOUND AND MAMMOGRAPHY CENTER, INC. Y OTROS<br><br>Recurridos<br><br>v.<br><br>MERLIN LAW GROUP (PR), LLC Y OTROS<br><br>Peticionarios | TA2025CE00585 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.:<br>SJ2024CV06056<br><br>Sobre:<br>Impericia profesional contra otros profesionales (no médicos)<br>Daños y Perjuicios |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Mateu Meléndez, Jueza Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 26 de noviembre de 2025.

El 8 de octubre de 2025, Merlin Law Group (PR), LLC., María Victoria Múnera Pascual, Luis Fernando Silva Echeandía, Guelmarie Águila Meléndez y Kimberly Sanders Arroyo (en conjunto los peticionarios) presentaron Petición de *Certiorari*. En esta, nos piden que revoquemos la *Resolución* dictada el 17 de julio de 2025, notificada el 18. Por virtud del aludido dictamen, el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario) declaró No Ha Lugar la *Moción de Sentencia Sumaria* que los peticionarios sometieron en el caso de epígrafe.

Estudiado el legajo apelativo y los documentos en él contenido, al amparo del derecho aplicable que adelante consignaremos, resolvemos **denegar** la expedición del auto de *certiorari* solicitado.

Para una mejor comprensión de la controversia ante nuestra consideración, así como de nuestra decisión, primero reseñamos los eventos más importantes del tracto procesal del caso.

**-I-**

Según arroja el recurso, el 27 de junio de 2024, Barranquitas Ultrasound and Mammopgraphy Center, Inc. (Barranquitas Ultrasound), Miriam A. Alicea Aponte, Edwin M. Cintrón Robles y la Sociedad Legal de Gananciales compuesta por ambos (conjuntamente la parte recurrida), instaron *Demanda* contra los peticionarios por impericia profesional. Específicamente, les imputan a estos haber manejado negligentemente la reclamación que se presentó contra la aseguradora Integrand Assurance Company (Integrad).

Según allí relatado, la propiedad en la que Barranquitas Ultrasound se encuentra, la que sufrió graves daños a raíz del paso del huracán María por Puerto Rico, estaba en ese momento cubierta por una póliza de seguro comercial emitida por Integrand. La parte recurrida, sostiene haber notificado de forma oportuna a la aseguradora una reclamación y que, tras haber rechazado el pago que esta ofreció como pago total, contrató los servicios de Merlin Law Group para que asumiera representación legal en defensa de sus intereses. De igual forma, asevera que los peticionarios malograron la reclamación al acudir a informar de la reclamación luego del plazo que la Orden de Liquidación emitida en el caso civil SJ2019CV05526[1] estableció. Inclusive, afirma que los peticionarios fueron negligentes al no presentar ni agotar todos los trámites legales y apelativos relativos a la liquidación. También, al no mantenerles informados del trámite procesarlo y las alternativas disponibles.

---

[1] En el mencionado caso, el 25 de septiembre de 2019, el Tribunal de Primera Instancia, Sala Superior de San Juan, emitió una orden de liquidación contra Integrand mediante la cual instituyó el comienzo del procedimiento de liquidación de la aseguradora conforme el Código de Seguros de Puerto Rico. Asimismo, allí se designó al Comisionado de Seguros de Puerto Rico como liquidador de Integrand. Tal dictamen, estableció- entre otras cosas- una fecha para que todo reclamante, asegurado o acreedor, aun si sometió su reclamación a la aseguradora o tenía pendiente un pleito ante los tribunales, debía completar y someter ante el Comisionado el correspondiente formulario de reclamación. La fecha límite para esto, era el 24 de diciembre de 2019.

En su demanda, la parte recurrida afirmó que, acudió a las oficinas del Comisionado de Seguros para obtener información sobre el estado de su reclamación, el 23 de mayo de 2023 la Asociación de Garantías de Seguros Misceláneos le informó que la reclamación de Barranquitas Ultrasound fue denegada por haber sido presentada tardíamente. En virtud de la negligencia imputada, la parte recurrida reclamó que los peticionarios le respondían solidariamente por las distintas partidas listadas, más una partida de $25,000 en honorarios de abogado.

El 2 de diciembre de 2024, los peticionarios contestaron la reclamación. En síntesis, negaron haber incurrido en impericia o haber sostenido una relación abogado- cliente con las personas naturales que reclamaban en su contra. Más tarde, específicamente el 25 de abril del año en curso, presentaron una *Moción de Sentencia Sumaria* mediante la cual propusieron 27 hechos medulares sobre los que alegaron no existía controversia, entre los que destacan los siguientes:

11. El 23 de diciembre de 2019, luego de múltiples comunicaciones, se juramentó el Formulario de Reclamación T023. Véase Exhibit G.

12. Ese mismo día, Merlin envió el Formulario de Reclamación cumplimentado, a ser entregado mediante mensajero en las oficinas del Liquidador. Véase Exhibit H.

13. El mensajero, Ángel Iván González Soto, declaró bajo juramento que al intentar entregar los documentos personalmente, la persona en la recepción no se los aceptó, indicando que se debían enviar por correo. Véase Exhibit I.

14. Por razón de los días festivos intermedios, el Formulario de Reclamación se envió por correo certificado el 27 de diciembre de 2019 y fue recibido el 2 de enero de 2020. Véase Exhibit J.

15. El 23 de marzo de 2021, la Lcda. Guelmarie Águila Meléndez sostuvo una llamada telefónica con la codemandante Miriam A. Alicea Aponte en la que le explicó que la reclamación se encontraba pendiente ante el Liquidador de Integrand. El 24 de marzo de 2021, la Lcda. Guelmarie Águila Meléndez compartió nuevamente con Barranquitas Ultrasound los documentos relacionados a la reclamación. Exhibit K.

16. El 16 de abril de 2021, notificada el 27 de abril de 2021, es decir, más de un año después de recibido el Formulario de Reclamación, el Liquidador de Integrand le notificó a Merlin que el formulario se recibió de manera tardía, por lo que la reclamación no podría ser atendida. Véase Exhibit L

17. Copia de dicha notificación fue enviada por el Liquidador directamente a Barranquitas Ultrasound a su dirección de correo electrónico: bqtasultrasound@yahoo.com. Véase Exhibit L en la pág. 4.

18. El 20 de mayo de 2021, Merlin, en representación de Barranquitas Ultrasound, envió una Solicitud de Reconsideración al Liquidador. Véase Exhibit M.

19. Copia de la Solicitud de Reconsideración fue enviada por Merlin a Barranquitas Ultrasound a su dirección de correo electrónico: bqtasultrasound@yahoo.com el 20 de mayo de 2021. Véase Exhibit M en la pág. 2 y Exhibit N.

20. El 11 de junio de 2021, el Liquidador Auxiliar de Integrand notificó a Merlin su denegatoria de la Solicitud de Reconsideración. Véase Exhibit O.

21. Copia de dicha notificación fue enviada por el Liquidador Auxiliar directamente a Barranquitas Ultrasound a su dirección de correo electrónico: bqtasultrasound@yahoo.com. Véase Exhibit O en la pág. 2.

22. Una de las direcciones de correo electrónico de Barranquitas Ultrasound es: bqtasultrasound@yahoo.com. Véase Exhibit P, Contestación al Interrogatorio Núm. 1(d).

Basándose en tales hechos, los peticionarios afirmaron que- aun si se asumiera que la recurrida no comprendió la notificación del liquidador en la que se informa que el formulario sobre su reclamación se recibió tarde, ni sus repercusiones- desde al menos el 20 de mayo de 2021 sí lo tuvo. Esto, pues ese día le fue notificada copia de la reconsideración presentada sobre dicho asunto.

En su moción dispositiva, los peticionarios expusieron que desde esa fecha "Barranquitas Ultrasound ya conocía o debió conocer que su reclamación no sería atendida por el Liquidador de Integrand dentro de la Clase 3 porque la misma fue presentada luego de que el término para así hacerlo hubiera expirado. Añadieron que, por tanto, desde esa fecha Barranquitas Ultrasound tenía conocimiento de que sufrió los daños que alega en la Demanda, y además, sabía desde ese instante que Merlin fue el causante del supuesto daño."[2] Ante estos argumentos, y al amparo de la teoría cognoscitiva del daño, reclamaron que la demanda de epígrafe se

---

[2] SUMAC-TPI Entrada Núm. 52, pág. 10.

sometió tiempo en exceso del plazo de un año que tenían disponible para presentarla.[3]

La parte recurrida se opuso a la solicitud de sentencia sumaria. Al hacerlo, aceptó total o parcialmente alguno de los hechos que los peticionarios propusieron como incontrovertidos. No obstante, arguyó que las comunicaciones en las que los peticionarios descansan para reclamar la prescripción de la causa de acción, "carecen de evidencia admisible y confiable que acredite que fueron debidamente notificados a la parte demandante, ni por correo electrónico ni por otro medio de comunicación, según exige la Regla 36.3 de Procedimiento Civil sea acreditada. De igual forma, arguyó que las cartas sobre materia técnica del derecho de seguro, sin mayor explicación ni advertencia por parte de Merlin, no podían tener un efecto prescriptivo. Ello, pues ante la falta de una explicación sobre sus implicaciones legales, no podía concluirse que personas lego hubieran podido entender de la documentación remitida de la ocurrencia del daño.

Habiéndosele primero negado una oportunidad para replicar la oposición sometida por la parte recurrida, el TPI dictó la resolución recurrida. Allí, estableció que no existía controversia sobre 28 hechos relevantes. Entre los hechos incontrovertidos más importantes allí formulados se encuentra la suscripción del contrato de representación legal por Merlin Law Group y Barranquitas Ultrasound solamente; que el Formulario de Reclamación cumplimentado que debía ser sometido dentro del procedimiento de liquidación de la aseguradora Integrand fue enviado por correo certificado el 27 de diciembre de 2019 y recibido el 2 de enero de 2020; y que la fecha límite para poder presentar el mismo era el 24 de diciembre de 2019.[4] El foro primario, también determinó que no existía

---

[3] En su solicitud de sentencia sumaria los peticionarios alegaron que, también procedía desestimar la demanda en cuanto a las personas naturales que comparecieron como demandantes, ya que ninguno de ellos suscribió contrato alguno con Merlin Law Group.
[4] SUMAC TPI, Entrada Núm. 89, págs. 5-8. Específicamente, Determinaciones de hechos número 5, 6, 8, 9 y 15.

controversia en cuanto a que el 16 de abril de 2021, el Liquidador de Integrand remitió una carta a Merlin Law Group- que le fue copiada a Barranquitas Ultrasound- en la que le notificó que el formulario de reclamación se recibió tarde, por lo que no podría ser atendida por la AGSM; que se solicitó reconsideración de dicha determinación; que esta fue denegada; y que dicha denegatoria también le fue copiada a Barranquitas Ultrasound.[5]

Acto seguido, el foro primario señaló que los hechos incontrovertidos enunciados eran insuficientes para disponer sumariamente del caso. Esto, pues a su juicio existían controversias sustanciales de hechos que impedían determinar si el reclamo está prescrito y/o la intervención de los distintos codemandados.

En desacuerdo con lo resuelto, el 4 de agosto del año en curso, los peticionarios sometieron *Moción de Reconsideración*. La parte recurrida, por su parte, se opuso a dicho escrito. Atendidos ambos, el 9 de septiembre de 2025, el TPI emitió *Resolución Interlocutoria* en la que se reafirmó en no contar con todos los hechos necesarios para resolver sumariamente el pleito. Insatisfechos aun, los peticionarios acudieron ante este Tribunal de Apelaciones y señalaron la comisión de los siguientes errores:

> ERRÓ EL TPI AL DETERMINAR QUE EXISTE CONTROVERSIA DE HECHOS QUE LE IMPIDE DESESTIMAR LA RECLAMACIÓN DE LOS DEMANDANTES POR PRESCRIPCIÓN.
>
> EN LA ALTERNATIVA, ERRÓ EL TPI AL DETERMINAR QUE EXISTE CONTROVERSIA DE HECHOS QUE LE IMPIDE DESESTIMAR LA RECLAMACIÓN DE LOS DEMANDANTES EN CONTRA DE LOS LICENCIADOS MARÍA VICTORIA MÚNERA PASCUAL Y FERNANDO SILVA ECHEANDÍA.
>
> EN LA ALTERNATIVA, ERRÓ EL TPI AL DETERMINAR QUE EXISTE CONTROVERSIA DE HECHOS QUE LE IMPIDE DESESTIMAR LA RECLAMACIÓN DE ESPOSOS ALICEA-CINTRÓN EN SU CARÁCTER PERSONAL A PESAR DE QUE ÉSTOS NUNCA TUVIERON UNA RELACIÓN ABOGADO-CLIENTE CON MERLIN NI TIENEN LEGITIMACIÓN PARA RECLAMAR POR DAÑOS QUE LE PERTENECEN PROPIAMENTE A LA CORPORACIÓN.

---

[5] *Id.*, determinaciones de hechos núm. 18-22.

Atendido el escrito de apelación, el 10 de octubre de 2025 notificamos *Resolución* en la cual le ordenamos a la parte recurrida a comparecer dentro del plazo establecido en la Regla 37 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025). Tras haber solicitado y obtenido una prórroga, dicha parte compareció el 10 de noviembre del año en curso.

Así pues, con el beneficio de la comparecencia de ambas partes y del expediente ante nos, procedemos a resolver el asunto, no sin antes exponer el marco jurídico aplicable.

**-II-**

*A.*

El vehículo procesal de *certiorari* le permite a un tribunal de mayor jerarquía revisar las órdenes o resoluciones interlocutorias emitidas por un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 195 (2023) (citando a *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021)). La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada al Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. *Rivera et al. v. Arcos Dorados et al.*, *supra*, a las págs. 207-208. Sobre ello, la referida regla dispone, en lo pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia,

solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediablemente de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Regla 52.1 de Procedimiento Civil, *supra*.

El examen para determinar si procede expedir un auto de *certiorari* no se da en el vacío o en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 824 (2023). A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___ (2025), señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio, como tampoco constituye un listado exhaustivo. *García v. Padró*, 165 DPR 324, 327 (2005).

De otra parte, estos factores pautan el ejercicio sabio y prudente de la facultad discrecional judicial. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). La delimitación que imponen estas disposiciones reglamentarias tiene como propósito "evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación." *Scotiabank v. ZAF Corp. et al.,* 202 DPR 478, 486-487 (2019); *Mun. de Caguas v. JRO Construction, supra*.

*B.*

El mecanismo procesal de la sentencia sumaria dispuesto en la Regla 36 de Procedimiento Civil, 32 LPRA, Ap. V., R. 36, permite resolver los asuntos de aquellos litigios que no presentan controversias genuinas de hechos materiales y que, por consiguiente, no ameritan la celebración de un juicio. *Cooperativa de Seguros Múltiples de Puerto Rico y Popular Auto, LLC v. Estado Libre Asociado de Puerto Rico*, 2025 TSPR 78, pág. 5, 215 DPR ___, al citar a *Cruz, López v. Casa Bella y otros*, 213 DPR 980, 993 (2024). Así pues, conforme la discutida regla, procede dictar sentencia sumaria si de las alegaciones, deposiciones y admisiones ofrecidas, más las declaraciones juradas y cualquier otra evidencia presentada se acredita la inexistencia de una controversia real y sustancial sobre algún hecho esencial y material. Deberá, también, justificarse por el derecho aplicable. *Id.*, al mencionar a *Oriental Bank v. Caballero García*, 212 DPR 671, 679 (2023).

Por otro lado, la parte que se oponga a la moción de sentencia sumaria, deberá así hacerlo dentro del término de veinte (20) días desde su notificación y en cumplimiento con los requisitos de ley. Así pues, deberá efectuar una exposición breve de las alegaciones, los asuntos litigiosos o en controversia. También, deberá hacer referencia a los párrafos enumerados

por la parte promovente que entiende están en controversia y para cada uno, detallar la evidencia admisible que sostiene su impugnación. Véase, Regla 36.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b); *Cruz Vélez v. CEE y otros*, 206 DPR 694, 718 (2021); y *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 432 (2013). Las meras afirmaciones no bastan. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 136 (2015). Esto es así, ya que cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, sino que tiene que ser una que permita concluir la existencia de una controversia real y sustancial sobre hechos relevantes y pertinentes. *Abrams Rivera v. E.L.A.*, 178 DPR 914, 932 (2010). No obstante, el no presentarse oposición a una moción de sentencia sumaria no impide que el tribunal falle en contra del promovente de esta ya que esta "puede dictarse a favor o en contra del promovente, según proceda en derecho.". *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563, 575 (1997).

Así, al evaluar los méritos de una solicitud de sentencia sumaria un tribunal podrá dictar sentencia sumaria si de los documentos sometidos ante su consideración surge que no existe controversia real sustancial en cuanto a ningún hecho material y solo restaría por resolver una controversia estricta de derecho. Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V R 36.3(e). Por el contrario, no procederá una moción de sentencia sumaria cuando (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o (4) como cuestión de derecho, no proceda. *Cruz Velez v. CEE y otros*; *supra.*

En cuanto a la revisión judicial de una determinación sobre sentencia sumaria, es meritorio señalar que los foros apelativos nos encontramos en la misma posición que el foro primario. Por ello, debemos regirnos por la Regla 36 de Procedimiento Civil y aplicar los criterios de esta. No obstante,

no podemos tomar en consideración evidencia que las partes no presentaron ante el TPI. Tampoco podemos adjudicar los hechos materiales en controversia, por ser una tarea que le compete al foro de instancia luego de celebrarse un juicio. *Meléndez González et al. v. M. Cuebas*, *supra,* pág. 118.

**-III-**

Antes de explicar nuestra decisión, y tal cual nos ordena la normativa jurídica aplicable a las mociones de sentencia sumaria, hemos evaluado si la solicitud sometida por los peticionarios cumplió con los requisitos de forma que exige la Regla 36. Efectuado este examen, concluimos que así fue. Su moción de sentencia sumaria contiene una breve exposición de las alegaciones de las partes, identifica los asuntos litigiosos, la causa de acción sobre la cual solicita la sentencia sumaria e incluye una relación concisa, organizada y en párrafos separados de aquellos hechos esenciales y pertinentes sobre los que proponen no existe controversia. Sobre esto último, también hace referencia a la evidencia admisible en la que descansa su propuesta. Asimismo, la moción de sentencia sumaria presentada expone las razones por las cuales la parte proponente entiende debe dictarse sentencia en virtud del derecho aplicable que incluye y el remedio que se solicita.

Similar avalúo realizamos sobre la oposición a la moción de sentencia sumaria presentada por la parte recurrida. Al revisarlo notamos que el escrito contiene una breve exposición de las alegaciones de las partes, identifica los asuntos litigiosos y la causa de acción sobre la cual solicita la sentencia sumaria. Ahora, carece de indicación de párrafos, páginas de escritos o prueba admisible que justifique las diferentes instancias en las que niega total o parcialmente algún hecho de aquellos propuestos en la solicitud de sentencia sumaria como incontrovertidos. Aun así, esta ausencia no implica una concesión automática de una solicitud de sentencia

sumaria puesto que la concesión de una solicitud de sentencia sumaria ocurrirá cuando en derecho así proceda.[6]

Cumplido este mandato, debemos ahora evaluar *de novo* los reclamos presentados en el caso de epígrafe a los fines de valorar si efectivamente existen controversias de hechos medulares que impiden la resolución sumaria del pleito, así como para determinar si la aplicación del derecho efectuada por el foro primario fue correcta.[7],

Mediante la discusión de su primer señalamiento de error, los peticionarios argumentan que el 27 de abril de 2021, el Liquidador de Integrand le notificó a Merlin Law Group que el formulario de Barranquitas Ultrasound se recibió tarde; comunicación que le fue copiada a esta última a su dirección de correo electrónico. Añaden entonces, que el 20 de mayo de ese mismo año, presentaron una *Solicitud de Reconsideración* que también le fue copiada a Barranquitas Ultrasound. Por ello, establecen que, aun si se entendiera que al recibir la notificación del Liquidador la parte peticionaria no comprendió lo ocurrido, ya para el 20 de mayo de 2021 cuando se le notificó copia de la reconsideración, conocía o debió conocer que su reclamación no sería atendida por haberse sometido tarde; o sea, la ocurrencia del daño. Por esta razón, los peticionarios sostienen que desde ese día es que comenzó a transcurrir el término prescriptivo de un año para reclamar por los daños sufridos y que este expiró el 20 de mayo de 2022; más de dos años antes de que la demanda se presentara.

A su vez, plantean que la determinación de controversia dictaminada por el tribunal descansó en una declaración jurada que contiene representaciones incorrectas. A su vez, se basa en la decisión errada de ignorar que conforme a la Regla 304 de Evidencia- sobre las

---

[6] *Audiovisual Lang. v. Sist. Est. Natal Hnos., supra.*
[7] Véase, *Meléndez González et al v. M. Cuebas, supra* págs. 118-119 y *Roldán Flores v. M. Cuebas, et al.,* 199 DPR 664, 679-680 (2018).

presunciones- una carta dirigida y debidamente enviada se presume que fue recibida oportunamente; presunción que no fue rebatida.

En la alternativa, los peticionarios reclaman que, el foro primario debió desestimar la causa de acción sometida contra la Lcda. María Victoria Múnera Pascual y el Lcdo. Luis Fernando Silva Echeandía, pues para la fecha en que ocurrieron los hechos- entiéndase, el 24 de diciembre de 2019- no estuvieron a cargo de la representación legal de Barranquitas Ultrasound. A su vez, al discutir su tercer señalamiento de error, argumentan que el TPI debió desestimar la reclamación del matrimonio Alicea-Cintrón, pues estos no tuvieron una relación abogado-cliente en su carácter personal con Merlín Law Group., y carecen de legitimación para reclamar para ellos daños que le pertenecen propiamente a la corporación.

En oposición a estos argumentos, la parte recurrida afirma que la solicitud de sentencia sumaria sometida por Merlin, no pudo establecer de forma incontrovertida su conocimiento de la pérdida de su causa de acción contra la aseguradora. Esto, al no producir comunicación de su parte respecto a las consecuencias de sus omisiones y actos negligentes. Específicamente, argumenta que al oponerse a la sentencia sumaria sometió evidencia de que los peticionarios le representaron que la reclamación se encontraba ante la Asociación de Garantía de Seguros Misceláneos, más omitió informar que la misma se había malogrado; creándose la impresión incorrecta de que el caso estaba aún en trámite. Señalan que, precisamente la falta de una explicación adecuada por parte de los abogados causó que no fuera hasta el 23 de mayo de 2023, cuando recibió contestación de la AGSM a un requerimiento de información que la reclamación fue denegada por haber sido presentada tardíamente.

Por su parte, en cuanto a la causa de acción contra la Lcda. María Victoria Múnera Pascual y el Lcdo. Luis Fernando Silva Echeandía, la parte recurrida defiende la negativa del foro primario a desestimarla.

Específicamente, asevera que de la documentación sometida en favor y en contra de la resolución sumaria del caso era claro que existía controversia en cuanto a la participación que estos tuvieron en representación de la oficina legal frente a Barranquitas Ultrasound una vez el formulario de reclamación ya había sido sometido y la impericia profesional que de su propia intervención y representaciones pudo surgir. De forma similar, la parte recurrida cataloga de correcta la decisión del TPI de no desestimar la causa de acción de los individuos demandantes. Con tal propósito, distinguen que los daños que reclaman para sí son daños personales sufridos a consecuencia de la negligencia desplegada por los peticionarios.

Según arriba establecimos, en la decisión recurrida el foro primario resolvió que, a pesar de los hechos sobre los que enunció no había controversia, en la causa persistían polémicas de hechos esenciales que imposibilitan conceder la resolución sumaria solicitada por los peticionarios. Así pues, entendió que existía controversia en cuanto al momento específico, si alguno, en que se le notificó a la parte recurrida que existía una decisión final y firme en contra de la reclamación sometida frente a Integrand por los daños recibidos a consecuencia del huracán María para poder calcular el plazo prescriptivo de la causa de acción de epígrafe. Igual duda estimó existía sobre sobre la participación que los abogados demandados tuvieron con Barranquitas Ultrasound y sus sobre el estado de la reclamación, así como las representaciones directas que estos le hayan hecho sobre el mismo. Por razón de ello, concluyó que no procedía desestimar la reclamación sometida contra Merlin Law Group, ni contra la Lcda. María Victoria Múnera Pascual o el Lcdo. Luis Fernando Silva Echeandía.

Por su parte, y en cuanto a la causa de acción sometida por la Sra. Miriam A. Alicea Aponte, el Sr. Edwin M. Cintrón Robles y la Sociedad Legal de Gananciales que estos componen, el TPI dictaminó que, si bien

estos no eran parte del acuerdo sobre servicios legales, existía duda en cuanto a si las acciones u omisiones de la parte demandada le había causado daños personales al no poder ser resarcidos por las pérdidas materiales que el inmueble que les pertenece sufrió. Debido a que las mermas alegadamente sufridas por estos pudieran ser consecuencia de la impericia profesional imputada, se negó a desestimar su reclamación personal.

Hemos justipreciado los argumentos presentados tanto por los peticionarios en favor de la resolución sumaria del pleito, así como aquellos planteados por la parte recurrida en su contra. Efectuado un avalúo *de novo* de estos, coincidimos con la existencia de controversias decretadas por el TPI en la *Resolución Interlocutoria* recurrida. Realmente, el legajo apelativo carece de evidencia demostrativa sobre la fecha en la que Merlin Law Group le informó a Barranquitas Ultrasound la decisión final sobre su reclamación. Asimismo, levanta controversias medulares sobre las representaciones que los licenciados Múnera Pascual y Silva Echeandía pudieron haberle hecho sobre el estatus del caso.

De otra parte, y conforme surge de los documentos sometidos, en este momento es incierto si los individuos demandantes sufrieron personalmente los perjuicios que alegan. Por consiguiente, y bajo el crisol de los criterios establecidos por la Regla 40 de nuestro Reglamentos, no identificamos la presencia de alguno de estos de forma que nos sintamos compelidos a intervenir con la decisión recurrida. [8]

-IV-

---

[8] Conforme el expediente judicial, en la alegación número 58 de la *Demanda,* los individuos demandantes reclamaron haber provisto una cantidad de dinero sustancial de su propio pecunio en favor de Barranquitas Ultrasound como consecuencia de los daños sufridos por esta a causa de la impericia profesional de los peticionarios. (SUMAC-TPI, Entrada Núm. 1, págs. 9-10.) A su vez, al oponerse a la solicitud de sentencia sumaria, la parte recurrida alegó bajo juramento que esos sujetos eran los dueños de la propiedad inmueble en donde ubicaba Barranquitas Ultrasound; cubierta bajo la póliza expedida por Integrad y objeto de los daños cuya reclamación se malogró a causa de los peticionarios. (SUMAC-TPI, Entrada Núm. 79, Exhibit 5)

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones